[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 97-2222

UNITED STATES,

Appellee,

v.

LILLIAN E. DELACRUZ, A/K/A LONNIE DELACRUZ,

Defendant, Appellant.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, U.S. District Judge]



Before

Torruella, Chief Judge,
Selya and Stahl, Circuit Judges.



John D. Pelletier and Goodspeed & O'Donnell on brief for appellant.
Jay P. McCloskey, United States Attorney, Margaret D. McGaughey and
Jonathan A. Toof, Assistant United States Attorneys, on brief for
appellee.



April 21, 1998


Per Curiam. Upon careful review of the briefs and record,
we conclude that the district court applied the proper standard
in determining that defendant was not entitled to a downward
departure for aberrant behavior. See United States v.
Grandmaison, 77 F.3d 555, 560-61 (1st Cir. 1996). We base this
conclusion on the record and ruling as a whole; we will not
take parts of the district court's comments out of context. 
Further, in the circumstances that defendant committed the
offense conduct repeatedly during an extended drug trafficking
enterprise, the district court's discretionary denial of the
departure is not subject to further appellate scrutiny. Seeid. at 561.
We also perceive no clear error in the determination that
defendant, who received a 2-level adjustment for her "minor"
role in the offense, was not entitled to an additional
adjustment for "minimal" participation. See U.S.S.G. 
3B1.2(a). On the admitted facts here, we cannot say as a
matter of law that defendant's repeated conduct was merely
"minimal," as opposed to "minor." See United States v. Cruz,
120 F.3d 1, 3 (1st Cir. 1997) (en banc); United States v.
Graciani, 61 F.3d 70, 75 (1st Cir. 1995) (explaining that,
"absent a mistake of law, battles over a defendant's status .
. . will almost always be won or lost in the district court").
Affirmed. See 1st Cir. Loc. R. 27.1.
- Dissenting opinion follows -
Torruella, Chief Judge, dissenting in part. I dissent as
to the adjustment for defendant's role in the offense. In my
view, the district court clearly erred in finding that
defendant was not entitled to a 4-level adjustment under
U.S.S.G. 3B1.2(a) for her "minimal" role. The pre-sentence
report described defendant's involvement as follows:
The defendant readily admitted her
involvement in the offense. She explained
that she first learned of her husband's
drug dealing when he handed her the
telephone and asked her to translate for
him. When she realized what he had asked
her to do, she reportedly argued with him. 
She stated that while she knew her husband
was dealing drugs, she wanted no part of
it and did not knowingly allow drugs in
her home. She stated that she insisted
that he not bring drug purchasers to their
apartment. She described her role as only
that of a translator for her husband
because his English was not very good. 
She estimated that she acted in this
capacity on about 10 occasions over the
course of two to three years. She added
that she did not want to be involved but
felt somewhat pressured to translate for
her husband as he would get frustrated and
yell at her to take the phone from him
while he was discussing drug deals on the
phone. She asserted that she never made
any trips with him to sell the drugs and
was never given any money by him for her
role. The defendant also points out that
she promptly notified the authorities when
her husband absconded and that she
encouraged her mother to assist in efforts
to locate him.
Accordingly, I would reverse and remand for resentencing.